

**NUMBER 13-25-00036-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**CHARLES ANTHONY CUEVA II,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

**ON APPEAL FROM THE 347TH DISTRICT COURT
OF NUECES COUNTY, TEXAS**

---

**MEMORANDUM OPINION**

**Before Justices Silva, Peña, and Cron
Memorandum Opinion by Justice Peña**

Appellant Charles Anthony Cueva II was convicted by a jury for one count of

indecency with a child and two counts of aggravated sexual assault of a child.[1] *See* TEX.

---

[1] Cueva's appeal arises from trial court cause number 07-CR-2716-(H) (S1) in the 347th District Court of Nueces County, Texas. Cueva has already pursued a direct appeal from that cause number. *See Cueva v. State*, 339 S.W.3d 839, 847 (Tex. App.—Corpus Christi–Edinburg 2011, pet. ref'd). Cueva's court-appointed appellate counsel has filed a motion requesting that we take judicial notice of the appellate record of the previous appeal. We grant said motion.

PENAL CODE ANN. §§ 21.11(a), 22.021(a)(1)(B). On July 25, 2024, Cueva filed a Chapter 64 motion for DNA testing arguing that:

> [A]ll samples that have a reasonable likelihood of containing biological material secured in relation to this offense be subjected to forensic DNA analysis. . . . [T]he requested items either have "not previously (been) subjected to DNA-Testing" or can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

On December 16, 2024, the trial court denied Cueva's motion for Chapter 64 DNA testing because he failed to show that he is entitled to such relief. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

2

Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant filed a pro se brief in this appeal, however, he did not file a pro se response to the *Anders* brief.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, pro se appellant's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

3

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### VI.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of August, 2025.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.